

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X

ANDREA VELEZ,

                 Plaintiff,

              v.

MICHAEL NAYSHTUT

              Defendant.

Case No.

**VERIFIED COMPLAINT**

JURY TRIAL DEMAND

-------------------------------------------------------------- X

Plaintiff ANDREA VELEZ ("Plaintiff"), by and through her attorneys, Aidala, Bertuna & Kamins P.C., for her Complaint against defendant MICHAEL NAYSHTUT ("Defendant"), alleges, based upon knowledge as to her own actions, and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1.      Plaintiff was sexually assaulted and abused by Defendant multiple time during a period of time ranging from in or around April 2024 and June 2024. The abuse was horrific, outrageous, and caused extensive psychological trauma and emotional distress.

2.      The conduct at issue constituted sexual offense(s) in violation of a section within Article 130 of the New York Penal Law[1], and resulted in physical, psychological, and emotional injuries.

---

[1] For further reference, please see NY CLS Penal, Pt. Three, Title H, Art. 130.

1

3.    The claims brought herein alleges intentional acts for physical, psychological, and other injury suffered as a direct and proximate result of conduct that would constitute sexual offenses as defined in Article 130 of the New York Penal Law. Such acts were committed against Plaintiff when she was eighteen (18) years of age or older.

4.    Specifically, the conduct that gives rise to Plaintiff's claims herein are Defendant's violations of the New York Penal Law (hereinafter "P.L."), including but not limited to, P.L. § 130.20 (sexual misconduct), P.L.§130.52 (forcible touching), P.L.§130.25 (rape in the third degree) and P.L. § 130.91 (sexually motivated felony), all constituting sexual offenses as defined in Article 130 of the New York Penal Law.

## PARTIES

5.    Plaintiff, Andrea Velez, is an individual who resides in the City and State of New York, New York County.

6.    Defendant, Michael Nayshtut, is an individual who resides in the City of Jersey City, County of Hudson, State of New Jersey.

7.    At all times material hereinafter mentioned, Defendant was an individual liable to Plaintiff and subject to this Court's jurisdiction.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds seventy-five thousand ($75,000) dollars.

9.    Diversity of citizenship exists because Plaintiff is a citizen of New York and Defendant is a citizen of New Jersey.

## BACKGROUND

10.     In or around November 2020, Andrea Velez opened Renuev, Inc., in the capacity of an owner.

11.     In or around March 2022, Plaintiff entered into a business relationship with Michael Nayshtut.

12.     Prior to the formation of such a relationship, Plaintiff and Defendant maintained a personal and/or romantic relationship.

13.     Defendant informed Plaintiff that, at all times during their relationship, he was in the process of obtaining a divorce from his wife.

14.     Defendant brought Plaintiff to his residence located at 225 Grand Street, Jersey City, New Jersey 07302 to "prove" that he was no longer in a relationship.

15.     Subsequently, it became known to Plaintiff that Defendant had no intention of divorcing his wife and in fact, continued to reside with her.

16.     Upon information and belief, Defendant is the Founder and Medical Director of 5th Avenue Wellness Medicine, P.C.

17.     Upon information and belief, Defendant holds a valid medical license and is double board certified in the states of New York and New Jersey in the field of Anesthesiology.

18.     In or around March 2022, Plaintiff and Defendant entered into a business relationship, whereby Plaintiff was an employee of Defendant.

19.     On or about May 23, 2023, Defendant signed a guaranty with WSA Waterfront, LLC to enter into a landlord-tenant relationship at 161 Water Street, New York, New York. Plaintiff's office was located in Suite 2301, which was the same office as Defendant.

20.    Upon information and belief, Defendant, in his practice of anesthesiology practices the administration of intravenous ketamine, a dissociative anesthetic, combined with nicotinamide adenine dinucleotide ("NAD") infusions (hereinafter "K-NAD infusions" or "K-NAD therapy") as well as fentanyl therapy.

21.    In or around February 2024, Defendant offered to perform the K-NAD infusions, stating such treatments "would remove all stress."

22.    Plaintiff agreed to undergo K-NAD therapy under Defendant's care due to the potential dissociative, psychologically manipulative, and/or hallucinogenic effects of the infusions.

23.    Plaintiff underwent six (6) infusions at Defendant's office.

24.    Subsequent to administering the K-NAD infusions, Defendant would accompany Plaintiff to her residence in her rideshare. Plaintiff, still under the influence of the K-NAD infusions, experienced depersonalization, derealization, and/or hallucinations.

25.    Thereafter, Defendant would accompany Plaintiff into her residence and, without Plaintiff's consent, perform sexual acts.

26.    During several sexual encounters, while Plaintiff was under the influence of psychotropic substances, including but not limited to Ketamine, Defendant performed nonconsensual sexual intercourse with Plaintiff.

27.    Upon information and belief, Defendant was in possession of Fentanyl (a narcotic (opiate) analgesic). On July 19, 2024, Plaintiff discovered a locked box of Fentanyl with several vials with the following: 09/25/24 AV. These vials were located in 119 West 57th Street, Suite 717, New York, New York, whose office was Dr. Gregg D. Rock.

28.    Upon information and belief, these vials were intended for Plaintiff, as her initials are "AV."

29.    Upon information and belief, Defendant infused Plaintiff with fentanyl on one or more occasions, causing severe psychological and physical reactions on Plaintiff and to become unresponsive.

30.    As a result of the ketamine and fentanyl, Defendant had nonconsensual intercourse with Plaintiff.

31.    Following Defendant's repeated and unfulfilled promises to uphold financial obligations, Plaintiff experienced considerable financial hardship.

32.    Due to Defendant's disturbing conduct and access to potentially fatal psychotropic substances, Plaintiff fears for her physical safety.

33.    As a direct and proximate result of Defendant's conduct described herein, Plaintiff has suffered and will continue to suffer, great pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, depression, physical, personal, and psychological injuries.

34.    As a direct and proximate result of Defendant's conduct described herein, Plaintiff was prevented and will continue to be prevented from performing normal daily activities and obtaining the full enjoyment of life. Indeed, Plaintiff sustained social disruption, adjustment problems, and a loss of confidence in her ability to develop social and intimate relationships.

35.    As a direct and proximate result of Defendant's conduct described herein, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, emotionally distressed, extremely distraught, and intimidated. Plaintiff sustained severe emotional trauma, depression, illness, hopelessness and anxiety, and other irreparable harm resulting from the violent and sexual abuse

perpetrated by Defendant. As a consequence, Plaintiff has incurred and will continue to incur expenses for psychological treatment, therapy, and counseling, and, on information and belief, has and/or will incur loss of income and/or loss of earning capacity.

36.     As a result of the Defendant's intolerable and outrageous treatment of Plaintiff, she has suffered the physical and psychological ailments detailed above.

37.     As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

38.     As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff respectfully demands punitive damages as against Defendant.

<strong>AS AND FOR A FIRST CAUSE OF ACTION<br>SEXUAL HARASSMENT</strong>

39.     Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if fully set forth herein.

40.     As described above, Defendant violently, forcibly, and against Plaintiff's will and without her consent, frightened and placed her in apprehension of harm when he inflicted unwanted sexually oriented touching and other offensive physical contact.

41.     As described above, Defendant committed sexual assault against Plaintiff because he intentionally placed Plaintiff in apprehension of harm by engaging in unpermitted, unlawful, intentional, and offensive touching of a sexual nature or application of force to Plaintiff's person.

42.     In fact, Defendant forcibly touched the sexual or other intimate parts of Plaintiff for the purpose of degrading or abusing Plaintiff, or for the purpose of gratifying Defendant's sexual desire.

43.    Defendant engaged in oral sexual conduct, vaginal sexual conduct and/or anal sexual conduct with Plaintiff by forcible compulsion and/or when Plaintiff was incapable of consent by reason of being physically helpless.

44.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered physical and psychological injuries, severe emotional distress, humiliation, embarrassment, anxiety, loss of enjoyment of life, extreme emotional trauma, and other consequential damages.

45.    Defendant's conduct described above was willful, wanton, and malicious. At all relevant times, Defendant acted with conscious disregard of Plaintiff's consent, rights, and feelings.

46.    Defendant acted with knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to Plaintiff, and intended to cause fear, physical injury, and/or pain and suffering to Plaintiff.

47.    By virtue of the foregoing, Plaintiff is entitled to recover compensatory damages, together with punitive and exemplary damages from Defendant according to proof of trial.

## AS AND FOR A SECOND CAUSE OF ACTION
## SEXUAL BATTERY

48.    Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

49.    As described above, Defendant violently, forcibly, and against Plaintiff's will and without her consent, subjected her to bodily harm when he inflicted unwanted sexually oriented touching and other offensive physical contact.

50.    As described above, Defendant committed sexual battery against Plaintiff because he intentionally engaged in unpermitted, unlawful, intentional, and offensive touching of sexual nature or application of force to Plaintiff's person.

51.     In fact, Defendant forcibly touched the sexual or other intimate parts of Plaintiff for the purpose of degrading or abusing Plaintiff, or for the purpose of gratifying Defendant's sexual desire.

52.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered physical and psychological injuries, severe emotional distress, humiliation, embarrassment, anxiety, loss of enjoyment of life, extreme emotional trauma, and other consequential damages.

53.     Defendant's conduct described above was willful, wanton, and malicious. At all relevant times, Defendant acted with conscious disregard of Plaintiff's consent, rights, and feelings.

54.     Defendant acted with knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to Plaintiff, and intended to cause fear, physical injury, and/or pain and suffering to Plaintiff.

55.     By virtue of the foregoing, Plaintiff is entitled to recover compensatory damages, together with punitive and exemplary damages from Defendant according to proof at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
## SEXUAL ASSAULT

56.     Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if fully set forth herein.

57.     As described at length above, Defendant intended to cause apprehension of harmful or offensive conduct against Plaintiff.

58.     Defendant committed unwanted contact with Plaintiff in a harmful and offensive manner, including but not limited to, unwanted sexual contact with Plaintiff.

59.     Defendant's assault of Plaintiff caused physical, mental and emotional distress, pain and suffering and loss of enjoyment of life.

60.    That as a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

61.    The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if fully set forth herein.

63.    Defendant's aforesaid conduct was extreme and outrageous and intentionally caused severe emotional distress to Plaintiff.

64.    Defendant's aforesaid conduct was outrageous and exceeded all possible bounds of decency.

65.    Defendant acted with intent and recklessness with the intent and knowledge that Plaintiff had suffered emotional distress and was subject to his ongoing demands and control.

66.    As a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

67.    The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

68.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if fully set forth herein.

69.    Defendant's conduct negligently caused emotional distress to Plaintiff.

70.    Defendant could reasonably foresee that his actions would result in the infliction of emotional distress upon Plaintiff.

71.    Plaintiff suffered emotional distress as a direct and proximate result of Defendant's actions.

72.    As a result of the subject incidents, Plaintiff has sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life, and claims compensatory and punitive damages herein.

73.    The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Crime of Violence Motivated by Gender-**
**New York City Victims of Gender-Motivated Violence Protection Act**
**N.Y.C. Admin. Code §§ 8-901 _et. Seq._**

74.    Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

75.    Defendant's acts, as described above, violate Section 8-904 of the New York City Administrative Code.

76.    By raping Plaintiff while she was physically helpless and incapable of giving consent, by forcefully performing oral and vaginal sex on Plaintiff while she was physically helpless and incapable of giving consent, Defendant engaged in crimes of violence as defined in the New York City Administrative Code.

77.    Defendant committed sexual offense(s) in violation of sections within Article 130 and 120 of the New York Penal Law, including but not limited to, those enumerated in § 130.05, as Plaintiff was a patient of Defendant, and said unlawful conduct by Defendant was committed in the course of, or related to, the treatment of Plaintiff.

78.     Defendant's crimes were motivated by Plaintiff's gender as defined in the New York City Administrative Code §8-903.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing causes of action, Plaintiff prays for judgment against Defendant in an amount that will fully and fairly compensate Plaintiff for Plaintiff's injuries and damages and for any other relief the Court deems appropriate. The amount of damages sought in this Complaint exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, including but not limited to:

a.  A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the State of New York and the City of New York;

b.  A money judgment representing compensatory damages including consequential damages, lost wages, earning, and all other sums of money, together with interest on these amounts, according to proof;

c.  An award of money judgment for mental pain and anguish and severe emotional distress, according to proof;

d.  Punitive and exemplary damages according to proof;

e.  Equitable damages and/or relief;

f.  Attorneys' fees and costs with appropriate enhancement;

g.  Pre-judgment interest and post-judgment interest; and

h.  Such other relief as may be available and which this Court deems to be fair, just and equitable.

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

Dated: New York, New York
       February 12, 2025

                                  Respectfully submitted,

                                  **AIDALA, BERTUNA & KAMINS, P.C.**

By:    /s/ Imran H. Ansari
            Imran H. Ansari, Esq.
            Michael DiBenedetto, Esq.
            546 Fifth Avenue, 6th Floor
            New York, NY 10036
            T: (212) 486-0011
            F: (212) 750-8297
            iansari@aidalalaw.com
            mdibenedetto@aidalalaw.com