UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

Andrea Velez

                    Plaintiff,

against

Michael Nayshtut

                    Defendant.

------------------------------------------------------------ X

CIVIL ACTION NO.: 25-cv-01283

> This proposed management plan is ADOPTED. SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> United States Magistrate Judge
> September 29, 2025

## PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING

### Court Expectations

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Stipulation and Proposed Protective Order and Discussion Topics for Rule 26(f) Conference on Judge Willis's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Willis's Individual Rules, the parties met on** September 9, 2025 **(at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:**

2.  **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:
Plaintiff asserts claim for sexual harrassment, sexual battery, sexual assault, emotional distress, negligent infliction of emotional distress, crime of violence motivated by gender following multiple incidents involving Defendant's administered ketamine on Plaintiff. Plaintiff asserts affirmative defenses including but not limited to failure to state a claim and comparative negligence. Plaintiff disputes liability, causation, and damages as to Defendant's counterclaims.

Defendant:
Plaintiff asserts claims for sexual harassment, sexual battery, and related claims, which Defendant denies and contests through affirmative defenses, including but not limited to failure to state a claim and comparative negligence. Defendant also asserts counterclaims for defamation, tortious interference, and related claims, alleging Plaintiff made false statements and improperly interfered with Defendant's business relationships. The parties dispute liability, causation, and damages.

3.  **Basis of Subject Matter Jurisdiction:** Plaintiff - state of New York, Defendant - state of New Jersey

4. **Subjects on Which Discovery May Be Needed**

Plaintiff(s):
communications between the parties and third parties; commerical leases; medical records, alleged defammatory statements, and defendant's financial recordings.

Defendant(s):
Communicaitons between the parties and third parties, alleged defamatory statements and their publication, business or contractual relationships allegedly affected, the basis for claimed damages and mitigation efforts, and Plaintiff and Defendant's reputational and financial records relevant to claimed harm.

5. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on 10/10/2025. In addition, on 11/10/2025, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Defendant(s)*** on 10/10/2025. In addition, on 11/10/2025, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by 10/26/2026.

***The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.***

    a.    <u>Depositions</u>: Depositions shall be completed by 5/13/26 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    b.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before 11/18/2025. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

    c.    <u>Requests for Admission</u>: Requests for admission must be served on or before 11/18/2025.

    d.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on 11/18/2025 and responses shall be due on 1/19/2026. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

    e.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

None

8. **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? No

    b.    Last date to amend the Complaint: _____

9. **Joinder of Parties**

   a. Are there other necessary parties that need to be joined? Y/**N**

   b. Is joinder of other parties anticipated? No

   c. Last date to join other parties: _____

10. **Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by 8/31/2026                                    .

11. **Electronic Discovery and Preservation of Documents and Information**

   a. Have the parties discussed electronic discovery? Yes

   b. Is there an electronic discovery protocol in place? If not, when do the parties expect to have one in place? No

   c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

   _____
   _____
   _____

   _____
   _____
   _____

12. **Anticipated Motions**

   _____
   _____
   _____

13. **Early Settlement or Resolution**

The parties **have**/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than 9/30/2026                    .

The following information is needed before settlement can be discussed:

_____
_____
_____

14. **Trial**

   a. The parties anticipate that this case will be ready for trial by 1/11/2027 .

   b. The parties anticipate that the trial of this case will require 10 days.

   c. The parties request a (jury)/bench (circle one) trial.

   d. The parties consent/(do not) consent (circle one) to Magistrate Judge jurisdiction at this time.

15. **Other Matters**

_____
_____
_____

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Willis's Individual Practices Webpage.**

Respectfully submitted this 19th day of September , 20 25 .

ATTORNEYS FOR PLAINTIFF(S):                ATTORNEYS FOR DEFENDANT(S):

/s/ Michael DiBenedetto                    /s/ Kristen Mohr