UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ANDREA VELEZ,

                    Plaintiff,

-against-

MICHAEL NAYSHTUT,

                    Defendant.
---------------------------------------------------------------X

Civil Action No: 1:25-cv-01283

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIAL

Plaintiff Andrea Velez ("Velez") and Defendant Michael Nayshtut ("Nayshtut") (together, the "Parties," and each individually a "Party") anticipate that documents, testimony, or information containing or reflecting confidential, personal, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this proposed Stipulated Protective Order Regarding Disclosure and Use of Discovery Materials (the "Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using such information.

1. <u>DEFINITIONS</u>

    (a)    "Action" means *Velez v. Nayshtut*, Case No. 1:25-cv-01283.

    (b)    "Discovery Material" means all items or information, including from any party or nonparty, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information ("ESI"), testimony, transcripts, written responses, or

1

tangible things) that are produced, disclosed, or generated in connection with discovery in this Action pursuant to the Federal Rules of Civil Procedure, a court order, or any other agreement or stipulation by or among the Parties.

(c) "Confidential Material" means any Discovery Material designated as "CONFIDENTIAL" pursuant to this Order.

(d) "Designating Party" means any Party or non-party that designates material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

(e) "Designated Material" means any Discovery Material designated as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

(f) "Highly Confidential Material" means any Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

(c) "Producing Party" means any Party or non-party that produces or generates any Discovery Material in this Action.

(d) "Receiving Party" means any Party or non-party that receives Discovery Material from a Producing Party.

(e) "Termination Date" means the latter of (1) the date on which all claims of any Party are dismissed with or without prejudice, or (2) the date on which all appeals, reconsiderations, or remands have been exhausted following the entry of a final judgment by this Court.

2. SCOPE OF ORDER

(a) This Order shall govern the production, use, and disclosure of all Discovery Material produced by the Parties and non-parties in response to any discovery request in this Action

(including, but not limited to, documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, compilations, presentations, or summaries of those materials.

(b) Unless otherwise agreed by the Parties in writing, Discovery Material shall be used by a Receiving Party for the sole purpose of prosecuting, defending, or attempting to settle the claims in this Action, and shall not be used or disclosed, directly or indirectly, for any other purpose whatsoever.

(c) Nothing in this Order shall affect the right of a Party to disclose its own information. Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it.

(d) Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Party: (i) that is or has become publicly known through no fault of the Party; (ii) that has been lawfully acquired and is known to the Party independent of the Designating Party; (iii) consented to by the Designating Party; or (v) ordered by the Court.

(e) Nothing in this Order shall be construed to prejudice any Party's right to use any Designated Material in Court or in any Court filing, provided that the Party complies with this Order and, as appropriate, with any applicable rules regarding the filing under seal and use of material designated for protection. A Designating Party may consent in writing to the public filing and/or use of its Designated Materials by another Party.

(f) Nothing herein shall be deemed a waiver of a Party's right to object to the production of any document, communication, or other Discovery Material (including, without limitation, on the basis of relevance, burden, expense, privilege, or other evidentiary immunity).

(g)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material, including, without limitation, an order that certain materials not be produced at all or an order that certain Designated Materials do not qualify for protection or the level of protection designated.

(h)     Nothing in this Order should be construed to prevent a Party's outside counsel or in-house counsel from advising his or her client based on his or her evaluation of Designated Material, regardless of whether the client has access to that Designated Material under this Order, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement by the Designating Party.

(i)     Nothing in this Order shall restrict a person qualified to receive access to Designated Material pursuant to this Order from making working copies, notes, abstracts, digests and summaries of such information for use in connection with the Action and such working copies, notes, abstracts, digests, and summaries shall be deemed to have the same level of protection under the terms of this Order.

(j)     After the Termination Date, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in full force and effect until the Designating Party agrees otherwise in writing or an order from this Court otherwise directs.

3. **DESIGNATION OF DISCOVERY MATERIAL**

(a)     <u>Designations</u>. A Party may, in good faith, designate Discovery Material with the following designations, provided that it meets the requirements for such designations:

> i.   A Party may designate as "CONFIDENTIAL" any Discovery Material that the Party reasonably believes contains confidential information, including but not limited to, personal, proprietary, or confidential information that has not been disclosed to the public and that the Party has treated as confidential in the ordinary

     course of business and/or material that the Party is under a pre-existing obligation to treat as confidential.

   ii. A Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Material that it reasonably believes contains or reflects trade secrets and/or competitively sensitive information; confidential compensation or financial information; and sensitive personal information related to current or former students, staff, faculty members, or administrators that is not otherwise publicly available.

 (b) The Producing Party may designate Discovery Material that meet the requirements set forth in paragraph 3(a)(i) or (ii) by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, to each page that contains Designated Material at the time that such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party notifies the Receiving Party of the confidential nature of the information or material disclosed. For digital files being produced, the Producing Party may mark each viewable page or image that contains Designated Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, and mark the medium, container, and/or communication in which the digital files were contained with the appropriate designation.

 (c) A Receiving Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Material produced by another Party by providing written notice of the designation within thirty (30) days of receipt of the Discovery Materials. Within ten (10) days of receipt of written notice of the Receiving Party's designation, the Producing Party shall re-produce the Designated Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" as appropriate.

4. <u>DESIGNATION OF DEPOSITION TRANSCRIPTS</u>

(a) Deposition transcripts, or portions thereof, containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be designated as subject to this Order either on the record during the deposition or by providing written notice within thirty (30) days following receipt of the official transcripts of the deposition, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the Designating Party. Any testimony regarding a document that is already marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be deemed designated pursuant to the confidentiality of the document, unless the transcript is designated or deemed to be designated at a higher level of confidentiality.

(b) If no such designation is made during the course of a deposition, all deposition transcripts and videos of testimony in this Action shall be deemed to be, and shall be treated as CONFIDENTIAL for a period of thirty (30) calendar days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than the deponent and those persons qualified to receive CONFIDENTIAL information pursuant to this Order. Any portion of any deposition testimony that is not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY within thirty (30) days after receipt of the official transcript of the deposition shall be considered non-confidential and not entitled to the protections afforded to Designated Materials under this Order. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or after the deposition and by mutual agreement in writing, without further court order.

(c) In the event a party intends to use a deposition transcript or information therefrom to examine a witness in a subsequent deposition who is not authorized to receive HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information under the terms of this Order, and said deposition occurs within the thirty (30) day period during which the deposition transcript is automatically designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the Party seeking to use the transcript or information therefrom must inform the opposing Party of its intent to do so as soon as is reasonable under the circumstances and provide the opposing Party an opportunity to designate the relevant transcript in advance of the deposition. All designations shall be completed no later than two business days before the next deposition. In the event a subsequent deposition is scheduled to take place in less than two business days, designations of the transcript shall occur on the record at the time of the deposition. For the avoidance of doubt, nothing in this Section 4 shall limit either Party's ability to make designations on the record as it deems appropriate. If the witness in the subsequent deposition is not authorized to view the transcript or information therefrom under the asserted designation, the transcript or information therefrom shall not be disclosed to the witness.

5. <u>USE OF CONFIDENTIAL MATERIAL</u>

(d) Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Confidential Material may only be disclosed to:

   i. The Parties' in-house and outside counsel of record in this Action (including without limitation, attorneys, paralegals and support staff);

   ii. The Parties, including officers, directors, and employees of the Parties, to whom disclosure is reasonably necessary for the prosecution or defense of claims in this Action;

   iii. This Court, or any other court having jurisdiction over any proceeding related to this Action and that adopts the procedures and provisions contained in this Order, and the officers, employees, and stenographic reports of such courts;

   iv. Outside vendors who perform scanning and photocopying, document processing and hosting, electronic discovery services, translation, or similar functions, but

           only for the purposes of performing such services for this Action and only to the extent reasonably necessary to perform such services;

    v. Any persons retained by the Parties for the purpose of mediation or other alternative dispute resolution taken in this Action;

    vi. Court reporters, stenographers and videographers retained by the Parties to record testimony taken in this Action to whom disclosure is reasonably necessary for this litigation;

    vii. Any testifying expert or non-testifying expert retained by the Receiving Party to assist in this Action (including such expert's reasonably necessary support staff) and/or trial or jury consultants, provided that disclosure is only to the extent reasonably necessary to perform such work;

    viii. Any person who is listed on the face of the document or metadata as an author, sender, or recipient of that document or to whom it is evident from the face of the document or metadata that the document has previously been provided; and

    ix. A witness who has been noticed or subpoenaed for deposition or a court appearance in this Action to the extent reasonably necessary for preparation or giving of testimony.

    x. Any other person who is designated to be given access to Confidential Material by written stipulation of the Parties or by order of the Court.

(e) No Confidential Material may be disclosed to persons identified in subparagraphs 5(d)(v), (vi), (viii), and (ix) above until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the Party making the disclosure to such persons; or (2) agreed on the record at a deposition to be bound by its terms.

6. <u>USE OF HIGHLY CONFIDENTIAL MATERIAL</u>

(d) Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Highly Confidential Material may only be disclosed to:

    i. The Parties' in-house and outside counsel of record in this Action (including without limitation, attorneys, paralegals and support staff);

    ii.    This Court, or any other court having jurisdiction over any proceeding related to this Action and that adopts the procedures and provisions contained in this Order, and the officers, employees, and stenographic reports of such courts;

    iii.    Outside vendors who perform scanning and photocopying, document processing and hosting, electronic discovery services, translation, or similar functions, but only for the purposes of performing such services for this Action and only to the extent reasonably necessary to perform such services;

    iv.    Any persons retained by the Parties for the purpose of mediation or other alternative dispute resolution taken in this Action;

    v.    Court reporters, stenographers and videographers retained by the Parties to record testimony taken in this Action to whom disclosure is reasonably necessary for this litigation;

    vi.    Any testifying expert or non-testifying expert retained by the Receiving Party to assist in this Action (including such expert's reasonably necessary support staff) and/or trial or jury consultants, provided that disclosure is only to the extent reasonably necessary to perform such work; and

    vii.    Any person who is listed on the face of the document or metadata as an author, sender, or recipient of that document or to whom it is evident from the face of the document or metadata that the document has previously been provided. Any other person who is designated to be given access to Highly Confidential Material by written stipulation of the Parties or by order of the Court.

(e)    No Highly Confidential Material may be disclosed to persons identified in subparagraphs 6(d)(iv), (v), or (vii) above until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the Party making the disclosure to such persons; or (2) agreed on the record at a deposition to be bound by its terms.

7. <u>CHALLENGING DESIGNATIONS</u>

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation (the "Challenging Party") must do so in good faith and must begin the process by serving a written objection upon the Designating Party. The Designating Party shall notify the Challenging Party in writing of the grounds for the asserted designation within ten (10) days of receiving a written

objection. The Parties shall confer in good faith as to the validity of the designation within seven (7) days after the Challenging Party has received the Designating Party's grounds for the asserted designation. If the Parties are unable to reach an agreement as to the challenged designation, either party may make an appropriate application to the Court. Until a challenge to an asserted designation is resolved by the Parties or the Court, all Parties shall treat the information or materials at issue according to the original designation.

8. FILING DESIGNATED MATERIAL

Except as otherwise provided in this Order or otherwise ordered by the Court, any Party wishing to file any Designated Material must either (1) obtain written permission from the Designating Party to file such material in the public record which permission will not be unreasonably withheld, or (2) move the Court for leave to file the Designated Material under seal pursuant to this Court's local rules. If such a motion is filed, the Designating Party bears the burden of demonstrating why the designation is appropriate and why the Designated Material should be filed under seal. Unless and until the Court has ruled on such a motion, a Party may not file any Designated Material in the public record. Nothing herein shall preclude any Party from filing a redacted version of a pleading, brief, exhibit, or other document in the public record that omits the Designated Material.

If a party is seeking to file a document containing its own Confidential Information, it must provide specific reasons for the request. Before filing material designated by another party as confidential, counsel for the party intending to file the Confidential Information shall confer with counsel for the designating party as to whether filing under seal is necessary for the particular material at issue. If the parties so agree, Confidential Information not filed under seal will continue to be protected by the protective order. Otherwise, the filing party shall file a motion to seal and

the designating party must file a statement supporting the request to seal within two weeks of the filing of the motion to seal. The parties shall file in the public docket redacted versions of any proposed sealed filings. The parties shall also simultaneously submit unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked NOT FOR DOCKETING – COURTESY COPY – SEALED FILING.

9. REDACTIONS

(a) A Producing Party may redact names and other personally identifiable information from Discovery Materials that the Producing Party reasonably and in good faith believes is (i) subject to attorney-client, privilege, work product protection, a legal prohibition against disclosure, or any other privilege, immunity, or protection against disclosures; and (ii) constitute "education records" as that term is defined by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

(b) The Producing Party shall denote any redactions with a legend stating "REDACTED," or a comparable notice, and shall preserve an unredacted version of each such document.

(c) To the extent a dispute arises regarding a Producing Party's redactions, the Receiving Party may challenge any redaction consistent with the Federal Rules of Civil Procedure and this Order.

10. INADVERTENT DISCLOSURE

(a) Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the attorney-client privilege, work product protection, and any other privilege, immunity, or protection against disclosure, including without limitation, protections provided by FERPA, shall not be waived, in this Action or in any other proceeding, by inadvertent disclosure.

If any privileged or protected documents, records, and/or data are inadvertently disclosed to another party, such documents will not lose the privilege and/or protection attached thereto because the documents were inadvertently disclosed, nor may any such documents, once identified, be used for any purpose (including, without limitation, during a deposition). After being notified of an inadvertent disclosure, the Receiving Party shall return or destroy all copies of such document(s) within five (5) days of notice and take reasonable steps to retrieve the inadvertently disclosed document(s) if the Receiving Party disclosed such documents prior to being notified of the inadvertent disclosure. If the Receiving Party disputes the protection of inadvertently disclosed documents, it may then move the Court for an order compelling production, but shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure.

(b) Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

11. <u>INADVERTENT DESIGNATION OR FAILURE TO DESIGANTE</u>

(a) A Producing Party's inadvertent designation or failure to designate any Discovery Material pursuant to this Order shall not waive any designation provided that the Producing Party notifies the Receiving Party that such Discovery Material is protected under one of designations set forth in this Order upon learning of the inadvertent designation or failure to designate. The Producing Party shall reproduce the Discovery Material with a copy bearing the correct confidentiality designation, consistent with the terms of this Order, within ten (10) days of notifying the Receiving Party of the inadvertent designation or failure to designate.

(b) Once a Producing Party gives the notice described in paragraph 11(a), the Receiving Party shall treat such Discovery Material at the new designated level pursuant to the

terms of this Order. The Receiving Party shall destroy all copies of the Discovery Materials bearing the previous designation within five (5) days of receipt of notice.

(c) A Receiving Party shall not be in breach of this Order for any use of inadvertently designated Discovery Material before it received the notice described in paragraph 11(a).

12. NON-PARTIES

A copy of this Protective Order shall be furnished to each non-party required to produce documents or who otherwise discloses information in response to discovery requests made in connection with this Action. Such non-parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order.

13. SUBPOENAS AND REQUESTS FOR INFORMATION

(a) If a Receiving Party is served with a subpoena, request for information, or an order issued in another action or proceeding that seeks disclosure of Designated Material, it must notify the Producing Party of that request in writing promptly and in no event more than five (5) days after receiving the subpoena, request, or order. Such notification must include a copy of the subpoena, request, or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena, request, or order to issue that some or all of the material is the subject of this Protective Order and deliver a copy of this Protective Order promptly to the issuing party.

(b) The purpose of imposing these duties is to alert interested parties to the existence of this Protective Order and to afford the Producing Party in this Action an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burden of seeking protection in that court of its confidential material.

14. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing, within ninety (90) days after the Termination Date, each Receiving Party must either destroy or return to the Producing Party all Discovery Material and all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing of Discovery Materials. Whether the Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 90-day deadline established herein that confirms all the Discovery Material in its possession was returned or destroyed. Notwithstanding this provision, the Parties' outside counsel of record shall be permitted to retain attorney work product, pleadings, court filings, and correspondence, even if those documents include or reference to Discovery Material.

15. MISCELLANEOUS

(a) This Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties and approval by the Court. Nothing in this Order abridges the right of any person to seek its modification, or relief from this Order, from the Court in the future.

(b) By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding. Stipulating to entry of this Protective Order shall not prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any confidential information, nor prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

(c) The Parties agree that the terms of this Protective Order shall survive and remain in full force and effect after the final termination of the Action.

(d) The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Order. All disputes concerning Discovery Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of New York.

(e) All persons who have access to information or material designated pursuant to this Order acknowledge that they are bound by this Order, and that they submit to the jurisdiction of this Court for purposes of enforcing this Order.

AGREED AND STIPULATED TO:

**NESENOFF & MILTENBERG, LLP**

*Counsel for Defendant*

By: *s/ Andrew T. Miltenberg*

Andrew T. Miltenberg
Kristen Mohr
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
kmohr@nmllplaw.com

**AIDALA, BERTUNA & KAMINS, P.C.**

*Counsel for Plaintiff*

By: */s/ Michael DiBendetto*

Michael DiBendetto
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
mdibendetto@aidalalaw.com

So Ordered:

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge

Date: February 3, 2026

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ANDREA VELEZ,                                  :
                                               :  Civil Action No: 1:25-cv-01283
                                               :
           **Plaintiff,**                      :
                                               :
                                               :
           -against-                           :
                                               :
                                               :
MICHAEL NAYSHTUT,                              :
                                               :
                                               :
           **Defendant.**                      :
---------------------------------------------------------------X

**EXHIBIT A**

**AGREEMENT AND CONSENT TO PROTECTIVE ORDER**

The undersigned hereby declares and acknowledges as follows:

1.   I have read the Stipulated Protective Order Regarding Use and Disclosure of Discovery Material (the "Order") entered in the above-captioned cause on _____, and I fully understand its contents.

2.   I understand that by signing this declaration, I will be eligible to receive Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms and conditions of the Order.

3.   I will hold in confidence and not disclose to anyone not qualified under the Order any Designated Materials or any summaries, abstracts, or indices of any Designated Materials that is disclosed to me or that I prepare.

4.   Upon conclusion of the Action, including appeal, I will destroy or return to outside counsel for the party for whom I was hired to performed services, or retained or acted as witness,

all Designated Material and any summaries, abstracts, and indices thereof, and documents or materials that I received or prepared relating thereto that are in my possession.

5. I hereby agree and consent to be bound by the terms of the Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit myself to the personal jurisdiction of the United States District Court of the Southern District of New York, so that the Court shall have the power and authority to enforce the Order and to impose appropriate sanctions upon me for violating the Order, including punishment for contempt of court.

Dated:_____     _____

Signature

_____

Name

_____

Address